# JONES DAY

51 LOUISIANA AVENUE, N.W. • WASHINGTON, DC 20001.2113

TELEPHONE: +1.202.879.3939 • JONESDAY.COM

Direct Number: +1.202.879.3975
TCHIAVETTA@JONESDAY.COM

March 21, 2024

Mr. David J. Smith
Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth St., N.W.
Atlanta, GA 30303

                  Re:    <u>Response to Rule 28(j) Letter in Hitt v. CSX Transportation, Inc., No. 23-11899</u>

Dear Mr. Smith:

      Appellee CSX Transportation, Inc. ("CSX"), pursuant to Fed. R. App. P. 28(j), writes in response to Appellant's letter notifying the Court of the U.S. Supreme Court's decision in *Murray v. UBS Securities, LLC*, 144 S. Ct. 445 (2024). Hitt alleges that CSX terminated his employment in retaliation for conduct protected by the Federal Railroad Safety Act, 49 U.S.C. § 20109. CSX maintains that it terminated Hitt's employment solely because he violated safety rules. The District Court granted summary judgment to CSX on the grounds that Hitt could not prove that his FRSA-protected conduct was a contributing factor in his termination.

      *Murray* did not involve a retaliation claim under the FRSA; it involved a retaliation claim under the Sarbanes-Oxley Act, 18 U.S.C. § 1514A. However, SOX and FRSA claims use the same contributing factor causation standard. In *Murray*, the Supreme Court held that SOX whistleblower claims do not require proof of "retaliatory intent," a concept which the Court interpreted as "something akin to animus." 144 S. Ct. at 452. In other words, in order to prevail on a SOX whistleblower claim, a plaintiff need not prove that the adverse action was motivated by hostility or anger towards the employee for having engaged in protected conduct. Nevertheless, the Court affirmed that some proof of intent is required to establish a SOX claim (and, by extension, a FRSA claim): "the intent to take some adverse employment action against the whistleblower employee 'because of' his protected whistleblowing activity.'" *Id.* at 454.

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DETROIT • DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID
MELBOURNE • MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH
SAN DIEGO • SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

The District Court granted summary judgment to CSX on the grounds that Hitt could not prove that his protected conduct played ***any*** part in his termination. *See* Doc. 14-7 at 89-90. In doing so, the District Court applied the contributing factor standard set forth in *Araujo*, a Third Circuit case which did not require proof of retaliatory animus. *See* 708 F.3d at 158. Accordingly, the District Court's decision granting summary judgment to CSX is entirely consistent with *Murray*.

Sincerely,

*/s/ Thomas R. Chiavetta*
Thomas R. Chiavetta
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001
(202) 879-3975
tchiavetta@jonesday.com

## **CERTIFICATE OF COMPLIANCE**

This letter complies with the type-volume limitation of Fed. R. App. P. 28(j) because the body contains not more than 350 words. (Word Count: 325). This letter complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this letter has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman.

## **CERTIFICATE OF INTERESTED PERSONS**

Per Fed. R. App. P. 26.1 and Circuit Rule 26.1, Appellee certifies that the prior certificates of interested persons filed by the parties are accurate.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of March 2024, I have filed the foregoing letter using the Court's CM/ECF system, which will electronically serve all counsel of record registered to use the CM/ECF system.

Dated: March 21, 2024

               */s/ Thomas R. Chiavetta*
               Thomas R. Chiavetta
               *Counsel for Defendant-Appellee*